COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Jenneese Patricia Banks v. The State of Texas

Appellate case number:   01-11-00766-CR

Trial court case number:  1759292

Trial court:                   County Criminal Court at Law No. 14 of Harris County

Appellant has not filed a brief. On February 1, 2013, we directed appellant to file a brief no later than March 4, 2013. *See* TEX. R. APP. P. 37.3(c), 38.6. Appellant did not respond. On March 21, 2013, we notified appellant that a brief had not been filed, and we required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). Appellant's retained counsel, Patrick Ngwolo, filed a motion for extension of time to file appellant's brief, stating that appellant has suffered financial hardship and has been unable to pay counsel's fee for the brief.

On April 2, 2013, we abated the appeal, pursuant to Rule of Appellate Procedure 38.8(b)(2), and remanded the case to the trial court for a hearing to determine whether appellate desired to prosecute the appeal, whether she was indigent, and whether counsel should be appointed. *See id.* A hearing record was filed, in which the trial court found that appellant wishes to prosecute the appeal and is not indigent. We reinstated the appeal and set appellant's brief due June 17, 2013.

On June 17, 2013, Counsel Ngwolo filed a motion for extension of time to file the brief, asserting that he has not been paid his fee to file the brief and stating that appellant requests another hearing regarding her indigence status. Also on June 17, 2013, however, appellant filed a pro se letter in this Court, asserting that she is not indigent, that she feels pressured by Counsel Ngwolo to "falsely claim" that she is indigent, and that she has paid Counsel Ngwolo.

Because a brief still has not been filed, we must again abate the appeal and remand the case to the trial court, pursuant to Rule 38.8(b). *See* TEX. R. APP. P. 38.8(b)(2). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, Counsel Ngwolo, and appellant shall be present.[1] The trial court shall have a court

---

1    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconference. Any such teleconference must use a closed-circuit video teleconference system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any

reporter record the hearing. The trial court is directed to make findings and to issue orders as appropriate on these issues:

(1)     whether appellant has failed to make the necessary arrangements for filing a brief, *see* TEX. R. APP. P. 38.8(b)(4); or

(2)     whether Counsel Ngwolo has abandoned the appeal by failing to file a brief on appellant's behalf, *see* TEX. R. APP. P. 38.8(b)(2), and if so,

    a.  determine whether substitute counsel will be retained; and if so,

    b.  set a date certain by which new counsel shall be retained, no later than 30 days from the date of the hearing; and

(3)     set a date certain by which appellant's brief will be filed, no later than 45 days from the date of the hearing and without regard to whether this Court has yet reinstated the appeal.

The trial court shall cause its findings and recommendations (including the name, address, telephone number, and State Bar number of any substitute counsel), and the reporter's record of the hearing to be filed in this Court **no later than July 19, 2013.** *See* TEX. R. APP. P. 38.8(b)(3). If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than July 19, 2013.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when clerk's and reporter's records that comply with this order have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

Appellant's motion for extension of time to file a brief is **dismissed as moot**.

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley
                ☑  Acting individually    ☐  Acting for the Court

Date:  June 20, 2013

---

attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.